IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABDUL LOVE, #M10108, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-00380-SMY |
| | ) | |
| CHRISTINE BROWN, PERCY MYERS, | ) | |
| LATOYA HUGHES, CHRISTEL CROW, | ) | |
| JOHN BARWICK, | ) | |
| KRISTEN RAE BETZ, and | ) | |
| NADER DABABNEH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff Abdul Love's Motion for Injunctive Relief (Doc. 39). Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Pinckneyville Correctional Center. Defendants Barwick, Crow, Brown, and Hughes oppose the motion (Doc. 40). For the following reasons, Plaintiff's request for preliminary injunctive relief is **DENIED**.

Injunctive relief is appropriate only if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying action. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Daniels v. Dumsdorff*, No. 19-cv-394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019). Here, Plaintiff is proceeding on two Eighth Amendment claims for deliberate indifference to his Crohn's disease and thyroid tumor conditions, and on a retaliation claim against Brown for her alleged refusal to provide Plaintiff with medical treatment for these conditions

1

because he previously filed complaints and grievances against her (Doc. 8).  The Complaint includes a request for an injunction requiring defendants to provide Plaintiff with medical treatment.

The instant motion seeks an order directing Defendant Brown to "discontinue her campaign of harassment" and retaliation against Plaintiff and an order to return him to his prior housing assignment with his former cellmate, reinstate him to his prison job, and restore good conduct credit lost due to Brown's harassment (Doc 39, pp. 1-2).  Brown allegedly harassed Plaintiff by prompting another official to write Plaintiff a false disciplinary ticket on August 24, 2025 for being outside his cell (Doc. 39, pp. 5-10, 41).  As a result of the disciplinary action, Plaintiff lost his janitor job and was assigned to a different housing unit where he could no longer receive good time credit.

Plaintiff does not claim the August 24, 2025 incident caused a denial of the medical treatment that is the basis for his claims in this case.  As such, the relief Plaintiff seeks in the instant motion is outside the scope of the claims at issue in this lawsuit.  Accordingly, the motion (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 12, 2025**

_s/ Staci M. Yandle_____
**STACI M. YANDLE**
**United States District Judge**